IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REGINALD TREVOR CLAY, | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. RDB-09-2677 |
| WARDEN, et al., | | |
| Respondents. | * | |

******

## MEMORANDUM OPINION

On October 13, 2009, Petitioner Reginald Trevor Clay filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for assault with intent to murder and related counts entered in 1994 by the Circuit Court for Prince George's County, Maryland. Paper No. 1. On December 23, 2009, Respondents filed an answer to Petitioner's application for habeas relief which solely addresses the timeliness of Petitioner's application. Paper No. 4. Petitioner was advised of his opportunity to file a reply. Paper No. 5. He has failed to do so.

Petitioner was tried in the Circuit Court for Prince George's County, Maryland. On March 25, 1994, a jury found him guilty of assault with intent to murder, assault with intent to disable, and use of a handgun in the commission of a crime of violence. On April 20, 1994, the court sentenced Clay to serve 25 years in prison, the first five years to be served without parole. Paper No. 4, Ex. 1 and 2.

Petitioner noted a timely appeal. In an unreported opinion filed on January 18, 1995, the Court of Special Appeals of Maryland affirmed Petitioner's convictions. The Court's mandate issued on February 17, 1995. *Id.*, Ex. 2. Petitioner did not seek further appellate review. As

such, his convictions became final on March 4, 1995, when the 15-day period for doing so expired. *See* Md. Rule 8-302; *Wade v. Robinson*, 327 F.3d 328, 330-33 (4th Cir. 2003).

On April 9, 2001, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. On August 2, 2002, the Circuit Court for Prince George's County denied the petition. Paper No. 4, Ex. 1. Petitioner filed an application for leave to appeal which was denied in an unreported opinion on March 20, 2003, by the Court of Special Appeals. The court's mandate issued on April 21, 2003. *Id.*, Ex. 3.

On March 3, 2004, Petitioner moved to reopen his post-conviction proceedings, which was denied by the circuit court on June 8, 2004. Id., Ex. 1. Petitioner's application for leave to appeal this ruling was denied summarily by the Court of Special Appeals in an unreported opinion filed on March 21, 2005, with the court's mandate issuing on April 21, 2005. Id., Ex. 4.

On July 31, 2008, Petitioner filed a motion to correct an illegal sentence, which was denied on September 5, 2008. *Id,*. Ex. 1. This decision was affirmed by the Court of Special Appeals in an unreported opinion filed on July 23, 2009, with the court's mandate issuing on August 24, 2009. *Id*., Ex. 5. Petitioner did not request further review of this determination.

Title 28 U. S. C. § 2244(d)[1] provides a one-year statute of limitations in non-capital cases

---

[1]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

for those convicted in a state case.  This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

The statute is silent as to how it should be applied to persons such as Petitioner whose convictions were finalized before April 24, 1996.  Most courts have concluded that such persons had one year from the effective date, *i.e.*, April 24, 1997, to file a petition for writ of habeas corpus in federal court.  *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998); *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).[2]  This one year period is subject to the tolling provisions of §2244(d)(2). *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998), *app. dismissed*, 178 F.3d 1283 (4th Cir. 1999).

Between April 24, 1996, and the filing of his first post-conviction petition on April 9, 2001, a period of almost four years, Petitioner had no post-conviction or other proceedings pending which

---

(B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] In *Hernandez* the Fourth Circuit Court of Appeals conclusively determined that the one-year limitations period expired on April 24, 1997.

3

would have served to toll the one-year limitation period.  *See* 28 U.S.C. § 2244(d)(2).

The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case.  *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).  Generally, the doctrine of equitable tolling has been applied in two types of situations: either where Respondents' acts prevent Petitioner from asserting the claim, or where extraordinary circumstances, beyond Petitioner's control, prevent Petitioner from filing a timely claim. *Id*. (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).  Petitioner has offered no arguments in favor of equitable tolling.  Petitioner's *pro se* status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling.  *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

A separate Order follows.

<u>March 3, 2010</u>                                                 <u>/s/                                                           </u>
Date                                                                           RICHARD D. BENNETT
                                                                                   UNITED STATES DISTRICT JUDGE